Francis T. Murphy, Jr., J.
This is a summary proceeding-brought by the landlords to recover possession of an apartment based on a violation of a covenant in the lease which provides that the premises “ be used and occupied as a strictly private dwelling by the tenant and the tenants immediate family, consisting of six persons.” There are at present seven persons occupying the apartment, two of which are foster children placed with the tenants by the Jewish Child Care Association.
The tenant contends that summary proceedings are not available to the landlords and that ejectment is the remedy. Although such a contention is generally correct that where there is a violation of a condition subsequent of an existing lease there must be a showing that the term has expired in order to maintain a holdover proceeding. However, in the instant proceeding the lease itself provides for the landlords serving a five-day notice terminating the lease, under certain conditions and such was the procedure followed here, thereby complying with the jurisdictional requirements of the court.
On the merits of the proceeding the landlords allege that the tenants by allowing two foster children to live with their family have violated the terms of the lease. It appears that the foster children are cared for by these parents as they care for their own children. They are placed with families to give them the opportunities of living, growing and developing with the benefit *607 of a healthy family unit. It is an opportunity afforded them and society. The courts have an obligation to protect the rights of all the parties involved, but here, to uphold the landlords’ contention would not only be contrary to law and public policy but also act as a penalty for those making a substantial effort to aid the less fortunate. The American College Dictionary among other things defines family as “ the group of persons who form a household under one head, including parents, children, servants,” etc. Such is the family here.
The intention of the parties at the time the lease was entered into was not to necessarily restrict the number of persons to six. At that time there were only six persons in the family.’ It was never meant to exclude children born subsequently or those that may be adopted or as here, foster children who become a part of the family.
There has been no showing of a substantial violation of the lease. Accordingly, the petition is dismissed.